UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHNNY TLAPANCO,

    Plaintiff,

vs

JON ELGES, individually and in his official capacity as a detective of the Oakland County Sheriff's Department; and CAROL LIPOSKY, individually and in her official capacity as a detective of the Oakland County Sheriff's Department; MICHAEL J. BOUCHARD, individually and in his official capacity as Oakland County Sheriff, and OAKLAND COUNTY a Political sub-unit of the State of Michigan GREGORY THORNTON, individually and in his official capacity as a detective of New York Police Department; "John Doe" LOUWAERT, individually and in his official capacity as a detective of New York Police Department; and the NEW YORK POLICE DEPARTMENT, a municipal agency of the City of New York;

    Defendants.

Case No. 15-cv-02852-AJN

---

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE**

In response to Defendants' Motion to Transfer Venue, Plaintiff misstates the relevant facts giving rise to his claim in an attempt to mislead the court as to the most appropriate venue for the instant action. Plaintiff's claims involve malicious prosecution and false arrest. As discussed extensively in Defendant's Motion, the criminal prosecution of Plaintiff occurred entirely in Oakland County Michigan. Defendant Elges presented his investigation to the Oakland County Prosecutor's Office and the Oakland County Prosecutor's Office issued felony charges against Plaintiff. Plaintiff was never charged or subject of a criminal investigation in New York. Moreover, Plaintiff was arrested as a result of the charges issued by the Oakland County Prosecutor's Office. As such, Plaintiff was extradited from New York to Michigan where he was lodged in the Oakland County Jail. Consequently, the most important events with respect to Plaintiff's claims occurred in Oakland County, Michigan.

Plaintiff's asserts that the convenience of the witnesses favors venue in New York. Specifically, Plaintiff asserts that "many of the important witnesses able to testify regarding Mr. Tlapanco's arrest are in New York." (Plaintiff's Response, p. 8 of 14). Plaintiff's assertion ignores that his arrest was based on representations made by the Oakland County Sheriff's Office. Moreover, aside from this bald assertion, Plaintiff fails to identify a single "important witness" who resides in New York. This is not surprising considering the Oakland County Sheriff's Office was responsible for conducting the criminal investigation of Plaintiff. Detective Jon Elges was the officer in charge. Detective Elges sought and obtained all warrants in regard to Plaintiff. Similarly, he was the officer primarily responsible for executing the search warrant at Plaintiff's residence. Detective Elges provided the information and materials he obtained to Detective Carol Liposky in order to conduct a forensic examination. Detective Liposky is also a member of the

1

Oakland County Sheriff's Office. Recently, the Court granted Plaintiff's request to file an Amended Complaint in order to add Detective Louwaert. Detective Louwaert's only involvement in the criminal investigation of Plaintiff was to assist Detective Elges in conducting the search of Plaintiff's residence. Most importantly, Detective Louweart is also a member of the Oakland County Sheriff's Office. Lastly, all witnesses with knowledge regarding the Oakland County Sheriff's Office policies and procedures are located in Michigan. This is important because Plaintiff has alleged a *Monell* claim against Oakland County. All witnesses with any knowledge and information regarding this claim reside in Michigan.

Plaintiff attempts to minimize the importance of the alleged victim and her family members. Plaintiff's attempt is misguided because it ignores that the information provided by these individuals supplied the basis for Detective Elges' criminal investigation and the eventual prosecution of Plaintiff. In other words, the information provided by the alleged victim and her family and friends regarding the conduct of Plaintiff provided the basis for probable cause. In the instant action, Plaintiff must show that Defendants proceeded without probable cause in order to succeed on his § 1983 claims. Consequently, the testimony of these individuals will be critical to Plaintiff's claims. Once again, all of these individuals (alleged victim, victim's father Curtis Fields, victim's friend Justin Mallard) reside in Michigan.

Because all of the key witnesses reside in Michigan, a trial in New York will not involve live testimony of witnesses other than Plaintiff and his family members. As noted in Defendant's Motion, Defendant maintains that Plaintiff added the NYPD Defendants simply to secure jurisdiction. As acknowledged by Plaintiff, the NYPD Defendants only assisted the Oakland County Sheriff's Office and did not conduct an investigation of Plaintiff. As such, the witnesses

2

relevant to Plaintiff's claims that reside outside of the Court's subpoena power include the following: 1) Alleged victim "AF", 2) Curtis Fields, 3) Justin Mallard, 4) Detective Jon Elges, 5) Detective Carol Liposky, 6) Detective Louwaert, 7) Investigator Donald Ochadleus, 8) Capt. Joseph Quisenberry, 9) Undersheriff Michael McCabe, 10) Assistant Prosecuting Attorney Peter Menna and 11) Chief Assistant Prosecutor Paul Walton. These witnesses will testify about the critical elements of Plaintiff's claim. **Although Plaintiff references witnesses to the search of his residence and his detention at Riker's Island, these references are misguided. Plaintiff does not assert any claims related to an unconstitutional search nor presents any claims regarding his treatment at Riker's Island**. In other words, witnesses with knowledge regarding the search and Plaintiff's stay at Riker's Island will not provide testimony regarding the crux of Plaintiff's claims. Despite Plaintiff's contention to the contrary, all of the above referenced critical witnesses are unlikely and unwilling to travel to New York for purposes of trial. However, if venue is transferred to the USDC - Eastern District of Michigan, all of these critical witnesses will appear and testify live at trial. Consequently, the locations of the primary witnesses significantly favors transfer of venue.

Next, Plaintiff misrepresents the location of the relevant documents. Because the Oakland County Sheriff's Office was responsible for the criminal investigation of Plaintiff **all** of the documents relevant to the investigation of Plaintiff are currently located in Michigan. Plaintiff baldly asserts that the "Oakland County Police Department gathered some of the evidence in this case and sent much of what it gathered to New York City to be used by the New York Police Department." (Plaintiff's Response, p. 8 of 14). Such an assertion is patently absurd. The Oakland County Sheriff's Office has never provided its file to the NYPD because the NYPD was not

3

involved in any of the decision making regarding the investigation of Plaintiff. Moreover, it is inconceivable why the Oakland County Sheriff's Office would provide its file material to the NYPD when it presented its investigation to the Oakland County Prosecutor's Office for purposes of requesting charges against Plaintiff. Based on the documents/material located in Michigan, the Oakland County Prosecutor's Office issued charges against Plaintiff. The contents of the Oakland County Prosecutor's Office's file is also located in Michigan. **Consequently, every document and all materials utilized or obtained during the criminal investigation and prosecution of Plaintiff are located in Michigan.**

Plaintiff asserts that "most" of the relevant acts occurred in New York. (Plaintiff's Response, p. 10 of 14). Plaintiff's assertion is curious considering Defendants provided a list of events in its Motion which demonstrated the vast majority of events occurred in Michigan. As indicated in Defendant's Motion, 36 events or acts during Plaintiff's criminal investigation and prosecution occurred in Michigan. Only 6 events occurred in New York. Most importantly, the significant events all occurred in Michigan: the underlying criminal complaint, meetings between the alleged victim and Detective Elges, issuance of all search warrants (including Plaintiff's electronic accounts and residence), forensic examinations of all electronic devices (including Plaintiff's), issuance of 8 count felony warrant, swear-to of warrant, arraignment of Plaintiff, Plaintiff's lodging at Oakland County Jail, pre-examination conference and the dismissal of Plaintiff's criminal charges. (See, Declaration of Jon Elges, ¶ 5). Because these critical events occurred in Michigan, venue is also most appropriate in Michigan.

Finally, Plaintiff makes a cursory reference to the Court's familiarity with the instant action. In reality, the parties have only appeared for one (1) status conference involving the Court.

4

The Court's "familiarity" as alleged by Plaintiff results from Defendants' procedural motions. However, such an argument cannot provide the basis for denying Defendants' Motion. Otherwise, venue would never be transferred because a plaintiff would simply assert that the instant court is familiar with the action as a result of reviewing defendant's motion to transfer. Similarly, the parties have not exchanged written discovery and no depositions have occurred. In fact, Plaintiff recently filed a Motion to File an Amended Complaint so it appears that Plaintiff's Complaint is subject to the inclusion of additional parties. As such, Plaintiff has yet to serve the additional parties. Once the additional parties are served, the parties will be required to file responsive pleadings. Simply put, because of the infancy of the instant action, transfer of venue is appropriate.

WHEREFORE, Defendants JON ELGES, CAROL LIPOSKY, MICHAEL J. BOUCHARD and OAKLAND COUNTY respectfully request this Honorable Court to enter an Order transferring venue to the United States District Court - Eastern District of Michigan.

>POTTER DeAGOSTINO O'DEA & PATTERSON
>/s/ ROBERT C. CLARK (admitted *pro hac vice*)
>Attorneys for Oakland County Defendants
>2701 Cambridge Court, Ste. 223
>Auburn Hills, MI 48326
>(248) 377-1700/(248)377-0051
>rclark@potterlaw.com
>and
>
>WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP
>Joseph Laird (JL-6695)
>150 E. 42ND St.
>New York, NY 10017
>212.490.3000(T)/212.490.3038 (F)
>joseph.laird@wilsonelser.com

Dated: March 10, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

s/Robert C. Clark

POTTER, DeAGOSTINO, O'DEA & PATTERSON